DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ. (SBN 204244)
WILL M. YAMADA, ESQ. (SBN 226669)
**MASTAGNI, HOLSTEDT, AMICK,**
**MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI GALVEZ,<br><br>          Plaintiff,<br>v.<br><br>CITY OF SAN CARLOS,<br><br>          Defendant. | CASE NO. 3:06-cv-03938<br><br>**STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER THEREON** |

## STIPULATION

The parties to the above captioned action hereby stipulate as follows:

1. Plaintiff Heidi Galvez ("Plaintiff") was previously employed by the City of San Carlos ("Defendant"). Plaintiff and the Defendant shall be collectively referred to as "Parties" herein.

2. Plaintiff filed the above captioned action ("Action") on behalf of herself, arising out of certain events that allegedly occurred during her employment by the City of San Carlos.

3. Plaintiff's Complaint to the action for violation of the Fair Labor Standards Act ("Complaint"), alleges violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) ("FLSA"). The Complaint seeks recovery of allegedly unpaid

| | | |
|---|---|---|
| 1 | | overtime, liquidated damages, attorneys fees and costs. The Court has |
| 2 | | jurisdiction over the subject matter of this action and over the parties. |
| 3 | 4. | The Defendant filed an Answer to the Complaint denying its material allegations |
| 4 | | and asserting affirmative defenses thereto. |
| 5 | 5. | The Parties dispute the applicability of the FLSA to the facts as alleged in the |
| 6 | | Complaint. |
| 7 | 6. | The Parties have engaged in extensive negotiations in an attempt to resolve their |
| 8 | | differences, and throughout these negotiations all Parties were, and continue to |
| 9 | | be, represented by counsel experienced in wage and employment matters. |
| 10 | 7. | The Parties wish to avoid the potential uncertainty, expense and delay of litigation |
| 11 | | and have therefore, based upon their extensive negotiations, agreed to a |
| 12 | | settlement which all the Parties, upon consultation with counsel, believe provides |
| 13 | | for a fair, reasonable and just resolution of the Parties' dispute. The terms of the |
| 14 | | Parties' agreement are embodied in the Settlement Agreement and General |
| 15 | | Release of All Claims ("Settlement Agreement") which all Parties have executed. |
| 16 | | A copy of the Settlement Agreement is attached hereto and incorporated herein; |
| 17 | 8. | Plaintiff's potential recovery at trial, if any, remains unknown, but the Parties |
| 18 | | believe that the terms of the Settlement Agreement are consistent with and within |
| 19 | | the range of any reasonable result that Plaintiff might expect to obtain after a trial |
| 20 | | if the Plaintiff were to prevail, an assumption which is disputed; |
| 21 | 9. | Courts have determined that the provisions of the FLSA are mandatory and |
| 22 | | cannot generally be abridged by contract or otherwise waived. *Lynn's Food* |
| 23 | | *Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). However, |
| 24 | | when employees bring a private action for compensation under the FLSA, and |
| 25 | | present the district court a proposed settlement, the district court may enter a |
| 26 | | judgment after scrutinizing the settlement for fairness. *Id.* at 1353; |
| 27 | 11. | The Parties to this action intend to present the Court with this Stipulation re |

| | | |
|---|---|---|
| 1 | | Approval of Settlement Agreement and Dismissal with Prejudice and Order |
| 2 | | Thereon ("Stipulation and Order") through which they intend to finally resolve |
| 3 | | all claims asserted in this Action based upon the Settlement Agreement; |
| 4 | 12. | By entering into this Stipulation and requesting Court approval, the Parties do not |
| 5 | | intend that the Court should make any findings or determination regarding the |
| 6 | | Defendant's alleged violation of the FLSA, or any other federal or state law, |
| 7 | | regulation, order, or rule. This Stipulation and Order, and any exhibits and any |
| 8 | | other documents or written materials prepared in conjunction with this |
| 9 | | Stipulation and Order, should not constitute evidence of, or any admission of, any |
| 10 | | violation of the FLSA, or any other federal or state law, regulation, order, or rule |
| 11 | | by any Party. |
| 12 | 13. | The Parties jointly request the Court find the settlement is fair, reasonable and |
| 13 | | just and therefore request the Court approve of and enter the Stipulation and |
| 14 | | Order; IT IS THEREFORE STIPULATED, by and between the Parties, through |
| 15 | | their respective counsel, that: |
| 16 | 1. | The Settlement Agreement which is incorporated herein by reference, is |
| 17 | | fair, reasonable and just in all respects as to the Plaintiff, and the Court |
| 18 | | should therefore approve the Settlement Agreement and enter this |
| 19 | | Stipulation and Order; |
| 20 | 2. | The Court should expressly reserve jurisdiction with respect to this Action |
| 21 | | for the purposes of enforcing the Settlement Agreement; |
| 22 | 3. | The award of and allocation of costs and attorneys fees should be as |
| 23 | | provided for in the Settlement Agreement; |
| 24 | 4. | Upon the Court's approval of the Settlement Agreement, this Action |
| 25 | | should be dismissed with prejudice. |
| 26 | | |
| 27 | | |

| | |
|---|---|
| Dated: March 8, 2007 | **MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER** |
| | By: /s/ Will M. Yamada<br>WILL M. YAMADA<br>Attorneys for Plaintiffs |
| Dated: March 8, 2007 | **LITTLER MENDELSON** |
| | By: /s/ Christopher E. Cobey<br>CHRISTOPHER E. COBEY<br>Attorney for Defendant |

**[PROPOSED] ORDER**

The Court has carefully reviewed the Settlement Agreement, the proposed Stipulation and Order, and relevant Exhibits. Based upon a review of the record, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable and just in all respects as to the Plaintiff, and the Parties shall perform the Settlement Agreement in accordance with its terms;

2. The Court expressly reserves jurisdiction with respect to this Action for the purposes of enforcing the Settlement Agreement, for a period of six months, which may be extended upon a showing of good cause;

3. The award of and allocation of costs and attorneys fees shall be as provided for in the Settlement Agreement;

4. The Court has made no findings or determination regarding the Defendant's alleged violation of the FLSA, or any other federal or state law, regulation, order, or rule, and this Stipulation and Order and any exhibits and any of the other documents or written materials prepared in conjunction with this Stipulation and Order shall not constitute evidence of, or any admission of, any violation of the FLSA, or any other federal or state law, regulation, order, or rule;

5. This Action is hereby dismissed with prejudice.

Dated: March 13, 2007

_____
HONORABLE JEFFREY S. WHITE

# SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between the City of San Carlos ("City") and Heidi Galvez ("Plaintiff"), with reference to the following facts (the City and Plaintiff are collectively referred to herein as the "Parties"):

## RECITALS

A. Whereas, Plaintiff was previously employed by the City of San Carlos in the Police Department; and

B. Whereas, on June 27, 2006, Plaintiff filed an action in the U.S. District Court for the Northern District of California, Case No 3:06-cv-03938 ("the Action") arising out of certain events that allegedly occurred during her employment with the City; and

C. Whereas, Plaintiff's "Complaint for Violation of the Fair Labor Standards Act" ("Complaint"), as filed in the Action, alleges violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)("FLSA") and seeks recovery of allegedly unpaid overtime hours, liquidated damages, attorneys fees and costs; and

D. Whereas, the City filed an Answer to the Complaint denying its material allegations and asserting affirmative defenses thereto; and

E. Whereas, the Plaintiff's claims are in all respects controverted, and the applicability of the FLSA to the facts as alleged in the Complaint, as well as the applicable level of compensation, and all other claims, allegations and requests for damages; and

F. Whereas, the Parties have engaged in extensive negotiations, in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters; and

G. Whereas, the Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement of the Parties' dispute; and

H. Whereas, the potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of this Agreement are consistent with and within the range of a reasonable result that Plaintiff might expect to obtain after a trial, if the Plaintiff were to prevail, an assumption which is disputed; and

I. Whereas, as a result of their negotiations, the Parties want to settle the Action and resolve and release all disputes and claims arising out of the Action against the City; and

1

J.  Whereas, the Parties want to enter into this Agreement as hereinafter set forth:

**NOW THEREFORE**, in consideration for the mutual promises and undertakings of the Parties as set forth below, Plaintiff and the City hereby enter into this Agreement and agree as follows:

1.  <u>Recitals.</u>  The recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement. This Agreement affects claims and demands which are disputed, and by executing this Agreement, no Party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other party or any third party. Each Party expressly denies liability for any and all claims or demands. The Parties acknowledge that this is a compromise settlement of a disputed claim or claims. Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be nor shall be admissible in any proceeding as evidence of or any admission by any Party of any violation of law or any wrongdoing whatsoever. This document may be introduced in a proceeding to enforce the terms of the Agreement.

2.  <u>Settlement Terms.</u>

(a)  <u>Settlement Amount</u>. The City shall pay the gross amount of Seven Thousand Four Hundred and Twenty-Five dollars ($7,425.00) to the Plaintiff. Of that amount, Three Thousand Seven Hundred Twelve Dollars and Fifty Cents ($3,712.50) shall be paid as wages (less normal employer withholding) and the same amount, Three Thousand Seven Hundred Twelve Dollars and Fifty Cents ($3,712.50) shall be paid as liquidated damages.

Plaintiff's settlement amount will be paid in two checks. One half of plaintiff's settlement amount will be paid as wages (less normal employer withholding) and the other half as liquidated damages.

For the wage payment portion (one-half) of plaintiff's settlement amount, plaintiff will have her particular amount reduced by applicable withholdings for state and federal taxes as listed on the subject plaintiff's W-4 form as on file with the City as of the date of the wage payment.

For the liquidated damages portion (one-half) of the settlement amount, the parties agree that the payments of liquidated damages are not wages, and therefore the parties believe that such amounts are not subject to federal and state tax withholding requirements, although they are taxable as gross income. Plaintiff is encouraged to consult with a tax advisor or attorney to independently determine any federal, state or local tax consequences of the liquidated damage portion of their settlement amounts as no opinion on any tax matter is expressed herein. Plaintiff is solely responsible for reporting amounts received as liquidated damages pursuant to this Agreement to any applicable

2

federal, state or local agency as required by law. The City will issue an IRS 1099 form to the Plaintiff in liquidated damage amount, i.e., one half of her settlement amount. The Plaintiff agrees to hold the City harmless for any tax liability they may suffer as result of the liquidated damages being subject to taxation. However, although the parties do not anticipate that the liquidated damages will be determined to be wages, if they are so determined, the Plaintiff is not agreeing to hold the City harmless for the employer portion of the state and/or federal tax withholdings applicable to such wages. The City would, at that point, pay the applicable withholdings. The parties' attorneys have looked at this issue and both believe this will not become an issue based on their review of the law.

The settlement amount represents the agreed upon amount for all overtime compensation allegedly owed to Plaintiff and all amounts allegedly owed for liquidated damages, and any and all other damages and/or relief recoverable in the Action, with the exception of attorneys' fees, for the full liability period in this Action.

(b) The Law Firm of Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer, tax identification number 94-2678460, ("Law Firm") shall receive a separate check payable to the Law Firm in the amount of Five Thousand dollars ($5,000.00) for attorneys' fees and costs. Except as provided here, each party will bear its own attorneys' fees and costs.

(c) The amounts described in paragraphs (a) and (b) shall be inclusive of overtime compensation allegedly owed to Plaintiff, liquidated damages, attorney fees' and costs, interest and any and all other damages and/or relief recoverable or potentially recoverable through the Action.

(d) Payment of the Settlement Amount shall occur within thirty (30) days of the Court's approval of this Agreement and order of dismissal in the Action as provided herein. The payment to the Law Firm shall occur within thirty (30) days of the Court's approval of this Agreement and order of dismissal in the Action as provided herein.

(e) Plaintiff expressly agrees that the Settlement Amount, as provided herein, is fair, just and reasonable and acceptable to her.

3. <u>Resolution of the Action</u>. Plaintiff agrees to dismiss, with prejudice, the Action, and to withdraw or dismiss any other complaint, claim, grievance or charge for FLSA overtime compensation that she has filed against the City up to the date she executes this Agreement. This Agreement extends to any such complaint, claim, grievance or charge for FLSA overtime compensation filed in any state or federal court, with any administrative body, agency, board, commission, or other entity whatsoever, which were asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action. In order to finally and fully resolve this FLSA Action, the counsel for the Parties shall jointly execute, and the Parties shall approve the Stipulation and Order substantially in the form of stipulation and order attached hereto at Exhibit "A" through their signature on a signature page to this Agreement. The Parties

3

expressly consent to and authorize their counsel to execute the Stipulation and Order and to seek Court approval of the Stipulation and Order on their behalf. The Parties shall submit the Stipulation and Order to the Court at the earliest opportunity after all Parties have fully completed the signature page and shall jointly request the Court to accept and approve the Stipulation and Order. Counsel shall prepare documentation as may be required by the Court. If for any reason the Court declines to enter and approve the Stipulation and Order, the Parties shall promptly meet and confer in a good faith effort to prepare a form of stipulation and order, or other similar decree, acceptable to the Court and consistent with the terms of this Agreement.

4. <u>Jurisdiction</u>. This Agreement is executed and delivered in the State of California and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California. This Agreement may be executed in counterparts. Except as provided in this Agreement, all executed copies are duplicate originals and are equally admissible in evidence.

5. <u>Right to Appeal</u>. Provided the Court enters the Stipulation and Order substantially in the form attached hereto at Exhibit A, the Parties shall waive all rights to appeal, seek to vacate or set-aside, and collaterally attack such Stipulation and Order.

6. <u>Release of Claims by Plaintiff</u>. Plaintiff hereby, on behalf of herself and her spouse, domestic partners, heirs, representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, irrevocably and unconditionally releases and discharges the City, including its officers and employees, heirs, representatives, executors, agents, attorneys, administrators, and successors-in-interest, from any and all lawsuits, claims, actions, demands or other legal responsibilities of any kind which Plaintiff has, or may have, against the City, its officers and employees which were asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action. Plaintiff expressly acknowledges that this Release includes any and all claims that Plaintiff asserted or could have asserted based upon or related to the facts alleged in the Action. Plaintiff also acknowledges and agrees that this release is an essential and material term of this Agreement and without such release, no settlement would have been reached by the Parties.

7. <u>Release of Unknown Claims</u>. Plaintiff, hereby waives any and all rights or benefits that she may have under Section 1542 of the Civil Code of the State of California, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiff, respectively, acknowledges that she understands the effect of this waiver pursuant to Civil Code Section 1542, and that she is represented and has been advised of this release by her counsel.

8. <u>Acknowledgment of Release</u>. In entering into this Agreement, Plaintiff knowingly and voluntarily acknowledges, consents and agrees to the "Notice to Employee Under the Fair Labor Standards Act" as contained in the United States Department of Labor's Receipt for Payment of Lost or Denied Wages, Employee Benefits, or Other Compensation (Form WH-58) which provides as follows: "Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs. Generally, a 2-year statute of limitations applies to the recovery of back wages. Do not sign this receipt unless you have actually received payment of the back wages due."

9. <u>Knowledge of Parties</u>. Plaintiff and City, respectively, understand and agree to the settlement, this Agreement and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily. Plaintiff has been advised that she has the right to seek legal advice with respect to this Agreement, including the release, has had the opportunity to consult with counsel, and has in fact consulted with counsel of her choice. The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary. The Parties have relied upon their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms. By signing this document and the documents referred to herein, the Parties signify their full understanding, agreement, and acceptance of the Agreement and the Stipulation and Order attached as Exhibit A.

10. <u>Entire Agreement</u>. This Agreement and the Stipulation and Order contains the entire agreement of the Parties regarding the subject matter of this agreement and shall constitute the final understanding between the Parties hereto. All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

11. <u>No Additional Representations</u>. Except for the terms of this Agreement and the Stipulation and Order attached as Exhibit A, Plaintiff and the City, respectively, have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys or any other person, regarding any matter including, but not limited to, the federal or state income tax consequences of the Agreement to any Party. The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

12. <u>Warranty of Non-Assignment</u>. The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

13. <u>Binding Agreement</u>. The Agreement and all documents referred to herein, shall bind and inure to the benefit of and each of the Parties hereto and their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys' successors and assigns. Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. The Agreement is not intended to constitute a third party beneficiary contract.

14. <u>Authority to Execute</u>. Each Party hereto warrants to the other Party or Parties that he, she or it has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

15. <u>Confidentiality and Disclosure of Terms</u>. The Parties each agree to maintain the confidentiality of this agreement to the extent permitted by law, and agree that they shall not voluntarily and publicly discuss this Agreement nor any terms thereof, nor the negotiations leading thereto, nor the underlying facts, nor any aspect of this matter, except as necessary in the ordinary course of City business. The Parties do however understand and consent that the City may be required to disclose the terms of this Agreement pursuant to the requirements of the Ralph M. Brown Act, Government Code section 54950, *et seq.*, or California Public Records Act, Government Code section 6250, *et seq.*, and the provisions of any other law or regulation requiring disclosure of information by public entities.

16. <u>Duty to Act in Good Faith</u>. The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed. The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement. Time is of the essence in this Agreement.

17. <u>Interpretation and Construction</u>. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not affect the construction of this Agreement.

18. <u>Governing Law and Venue</u>. The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State

of California, and if necessary, Federal Law. To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the San Mateo County Superior Court or the United States District Court for the Northern District of California, to the extent of that court's jurisdiction.

19. Breach, Waiver and Amendment. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

20. Exhibits. All exhibits and schedules attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.

21. Execution. This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

22. Agreement Does Not Establish Precedent: The parties agree that the terms of this Agreement are binding and will not establish any precedent, nor will this Agreement be used as a basis by the parties or anyone else to seek or justify similar terms in any subsequent case.

23. Effective Date. This AGREEMENT shall become effective immediately following execution by all of the PARTIES, on the latest date appearing below.

**PLEASE READ CAREFULLY: This Settlement Agreement and General Release of Claims includes a release of known and unknown claims related to this Action.**

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement and General Release.

Dated: _____, 2007       By: _____
                                        City of San Carlos


Dated: 03-06, 2007                  By: _____
                                        Heidi Galvez

7

of California, and if necessary, Federal Law. To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the San Mateo County Superior Court or the United States District Court for the Northern District of California, to the extent of that court's jurisdiction.

19. **Breach, Waiver and Amendment.** No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

20. **Exhibits.** All exhibits and schedules attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.

21. **Execution.** This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

22. **Agreement Does Not Establish Precedent:** The parties agree that the terms of this Agreement are binding and will not establish any precedent, nor will this Agreement be used as a basis by the parties or anyone else to seek or justify similar terms in any subsequent case.

23. **Effective Date.** This AGREEMENT shall become effective immediately following execution by all of the PARTIES, on the latest date appearing below.

**PLEASE READ CAREFULLY: This Settlement Agreement and General Release of Claims includes a release of known and unknown claims related to this Action.**

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement and General Release.

Dated: 3-8 , 2007       By: _____
                             City of San Carlos


Dated: _____ , 2007   By: _____
                              Heidi Galvez

7

APPROVED AS TO FORM AND CONTENT:

                                        LITTLER MENDELSON

Dated: March 8, 2007       By: _____
                                             Christopher E. Cobey
                                             Attorneys for Defendant,
                                             City of San Carlos

                                        MASTAGNI, HOLSTEDT, AMICK,
                                        MILLER, JOHNSEN & UHRHAMMER

Dated: March 8, 2007      By: _____
                                             Will M. Yamada,
                                             Attorneys for Plaintiff,
                                             Heidi Galvez